UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN THE MATTER OF CHRISTOPHER J. BENSCH,

                              Petitioner,

v.

WAIKIKI WATERCRAFT, LLC, *et al.*,

                              Defendants.

**ORDER**

1:19-cv-00035(JLS)(JJM)

---

By Order to Show Cause dated January 17, 2025 [136][1] I outlined my concerns with this court's subject matter jurisdiction, and invited the parties to respond by January 31, 2025. On January 27, 2025 mediator Michael Menard certified that the action is settled, subject to court approval [138].

By Text Order dated January 28, 2025 [139], I directed the parties to apply to District Judge John L. Sinatra, Jr. for relief from the stay previously imposed by this court, to enable the parties to seek settlement approval in state court. That has not yet occurred. For the following reasons, I am rescinding that directive.

**DISCUSSION**

"A district court possesses the inherent authority to *sua sponte* reconsider its own interlocutory orders before they become final." Esposito v. Suffolk County Community College, 517 F. Supp. 3d 126, 134 (E.D.N.Y. 2021), aff'd, 2023 WL 192671 (2d Cir. 2023) (Summary

---

[1]     Bracketed references are to CM/ECF docket entries.

Order). In directing the parties to ask Judge Sinatra to lift the previously imposed stay of state court proceedings, I overlooked the fact that this court may lift the stay only if it has subject matter jurisdiction over this action.[2] *See* PacNet Services, Ltd. v. United States Department of the Treasury, 2022 WL 2561204, *1 (2d Cir. 2022) (relying on "the district court's indication that it would lift [a] stay . . . if its jurisdiction were restored").

"[T]he first and fundamental question is that of jurisdiction", because "[w]ithout jurisdiction the court cannot proceed *at all* . . . . [T]he only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (emphasis added). *See also* Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## CONCLUSION

"[S]ubject-matter delineations must be policed by the courts on their own initiative." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Therefore, the parties shall respond to my Order to Show Cause [136] by March 14, 2025, following which I will issue a Report and Recommendation. In the alternative, they may stipulate to dismiss the action with or without prejudice. If the dismissal is without prejudice, they may reinstate this action if the

---

[2]   "As for my own culpability in overlooking the issue, I must accept that . . . . [But] 'I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday'." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 102 (2014) (Scalia, J. in dissent), *quoting* Massachusetts v. United States, 333 U.S. 611, 639-40 (1948) (Jackson, J. in dissent).

- 3 -

proposed settlement is not approved in state court - subject, however, to determination of this court's subject matter jurisdiction.

SO ORDERED.
Dated: February 5, 2025

                                                            _____
                                                            HONORABLE JEREMIAH J. MCCARTHY
                                                            United States Magistrate Judge